IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,547-01






EX PARTE BOBBY PEREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 00-10-8344-B-1-CR IN THE 38TH DISTRICT COURT


FROM MEDINA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
Aggravated Assault and sentenced to life imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance, that he was
denied his right to appeal, and that the trial court should have ordered, sua sponte, further
psychiatric evaluations. He asserts that he was displaying bizarre behavior in court and that
the trial judge ordered a psychiatric evaluation, resulting in him being prescribed and taking
Ativan and Doxepin. He claims that these drugs caused him to suffer from amnesia and that
he does not remember and could not participate in his trial. He further asserts that the trial
court ordered that he wear a stun belt during trial and that he not speak unless he had been
asked a question and had consulted with counsel. Applicant also claims that he was denied
his right to appeal. He states that the trial court inquired regarding his desire to appeal but
that he answered "no" in accordance with what trial counsel instructed him to say. Applicant
argues, however, that there was no strategic reason to give such advice after a jury found him
guilty and sentenced him to life in prison, especially given that he was under the influence
of the psychoactive medication, and that counsel never properly advised him regarding the
appeal. 

 There is no affidavit from trial counsel responding to Applicant's assertions of
ineffective assistance, and there are no findings from the trial court regarding the ineffective
assistance claims, the claim regarding Applicant's right to appeal, and the claim that the trial
court should have sua sponte ordered further psychological evaluation. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex.
Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims
of ineffective assistance and shall order him to file an affidavit doing so. Additionally, in
resolving the issues, the trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d), and in the appropriate case, the trial court may rely on its personal recollection. 
Id. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint
an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant, whether Applicant was denied his right to appeal, and whether the
court should have sua sponte ordered further psychological evaluation. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


Filed: September 14, 2011

Do not publish